Looney v. City of Joliet.

---

## Looney v. The City of Joliet.

1.    *Notice—Cities and Villages—Negligence—Notice to Policeman.—* Where the police of a city are charged with the duty of entering in a record, kept at the police station, all defects found by them in sidewalks upon their beats, and are in the habit of doing so as a part of their duties to the city, *it was held*, that notice to one of their number of a defect in a sidewalk is notice to the city, and the fact that such officer is a policeman will not affect the question.

2.    *Notice—Defective Sidewalks.—*Notice of the condition of a side-

walk to an officer or agent of the city, not charged with any duty respecting it, and who is not the representative of the city concerning any matter of that kind, will not constitute actual notice to the city; but if the officer receiving the notice is charged with a duty to act concerning the defect, and to set in motion the agencies for its repair, notice to him is notice to the city.

3.   *Cities and Villages—Defective Sidewalks—Notice to Policemen.—* If the policemen of a city are charged with the duty of reporting defects in sidewalks, or if they have been in the habit of doing so by the direction or with the knowledge and approval of the officers having general charge of the affairs of the city, then a notice of such a defect to one of their number would be notice to the city.

4.   *Cities and Villages—Standard of Diligence in Regard to Defects in Sidewalks.—* The standard of diligence and care to be expected of a city or village in the inspection of its sidewalks, is not the same as that to be expected from a casual passer-by. Persons passing over walks with the duty of observing ordinary care for their own safety are held to have exercised such care, although not perceiving such defect, while a city or village is considered negligent in not discovering it.

**Memorandum.—**Action for personal injuries. Error to the Circuit Court of Will County; the Hon. GEORGE W. STIPP, Judge, presiding. Heard in this court at the May term, 1893. Opinion filed December 12, 1893.

The statement of facts is contained in the opinion of the court.

PLAINTIFF'S BRIEF, J. L. O'DONNELL, ATTORNEY.

Notice to a patrolman is notice to city, of a defect in a public sidewalk. Twogood v. N. Y., 6 N. E. Rep. 275; Rechberg v. The Mayor of N. Y., 34 American Repts. 657; Fortin v. East Hampton, 145 Mass. 196; Donaldson v. Boston, 82 Mass. 508; City of Chicago v. Hoy, 75 Ill. 530.

If a careful inspection of the sidewalk, by a person charged with the duty of inspecting the same, would have disclosed the defect, then the city will be held to have had implied notice. Rapho v. Moore, 68 Pa. St. 404; City of Joliet v. Walker, 7 Brad. 270.

Notice to a councilman is notice to the city, of a defect in a street, where a councilman is not charged especially with the duty of repairing the same. Logansport v. Justice, 74 Ind. 378; Carton v. Monticello (Ia.), 26 N. W. Rep. 129.

If a city assumes to act in any of its departments by cer-

tain parties, and imposes certain duties upon them, it can not raise the question of the power of such parties within the scope of such duty. N. Y. v. Sheffield, 4 Wall. 189.

Notice to a patrolman is notice to the city, when such policeman is charged with a duty concerning the subject of such notice. 2 Shearman & Redfield on Negligence, p. 77, Sec. 368.

Defendant's Brief, John W. D'Arcy, Attorney.

Before a municipal corporation can be held liable for damages resulting from a defective sidewalk, there must be actual notice to the corporation of the defect, or it must have existed a sufficient length of time to have enabled the corporation, by the exercise of reasonable diligence, to discover it, and remedy the defect. Dillon on Municipal Corporations, Sec. 790; Chicago v. Murphy, 84 Ill. 224; Town of Grayville v. Whitaker, 85 Ill. 441; Chicago v. Stearns, 105 Ill. 554; Joliet v. Walker, 7 Brad. 267.

The existence of the defect must not only be known, but its dangerous character must be visible and notorious, to charge the city with presumptive notice. Chicago v. McCarthy, 75 Ill. 602; Dewey v. Detroit, 15 Mich. 312; Chicago v. Murphy, 84 Ill. 224.

Notice to policeman is not notice to the city. Joliet v. Seward, 86 Ill. 402; Dillon on Municipal Corporations, Sec. 773.

Opinion of the Court, Cartwright, J.

Plaintiff in error sued defendant in error, for damages sustained by the giving way of a broken stone in a sidewalk on which he was walking over a cellar excavated in the street in front of and in connection with a building, whereby he fell into the excavation and was injured. He was defeated on a trial of the case, and judgment was rendered against him for costs, which judgment he seeks to reverse.

It appears from the evidence that the walk was ten or twelve feet wide, and was one of the most public thoroughfares in the city. It was composed of stone flagging laid

across the walk, and had been placed there many years ago. The stone in question rested on an outer wall next the road-way and a center wall, and extended toward the building without any support beyond the center wall, to within about two feet of the building, where it was met by an iron grating extending to the building. At the time of the acci-dent, which occurred in the evening, and without fault of the plaintiff, the stone was cracked diagonally, the crack follow-ing an old seam in the stone, and was insecure. The only question of fact in the case was whether the defendant had notice of the condition of the stone, either actual or from its existence for such a length of time that the defendant, by the exercise of reasonable care, would have known of it. The evidence upon the controverted question was that defendant had a superintendent of streets who was not aware of the defect in the stone, but a policeman had noticed it two or three days before the accident, and found that it was cracked and yielded under his feet. The superintendent of streets was accustomed to examine walks mainly by driving about the city and looking at them in passing, and he also obtained reports by means of a record kept at the police station, in which policemen were required to enter defects in sidewalks found by them on their beats. This method of ascertaining defects had been adopted by the superintendent of streets, and had been in use for some time. It was a part of the duties of the patrolmen, enjoined upon them by the chief of police, to make such reports, and it was their practice to do so. The policeman who noticed the condition of the stone did not make any entry of the defect, as the rule required him to do. On the evening of the accident, and two hours or more before it occurred, the attention of the night captain of police was called to the unsafe condition of the stone, and he examined it. Several persons who were accustomed to pass over the walk frequently had not noticed anything wrong with it before the accident.

Upon the question of actual notice, the court instructed the jury that notice to a policeman, or to the night captain of police, of the defective or unsafe condition of the side-

walk in question was not sufficient to charge the city with actual knowledge of such condition; and in other instructions the jury were told that actual notice must be to the properly constituted officers of the city having charge of the streets and sidewalks.

We do not doubt that notice of the condition of the stone to an officer or agent of the city not charged with any duty respecting it, and who was not the representative of the city concerning any matter of that kind, would not constitute actual notice to the city; but if the officer receiving the notice was charged with a duty to act concerning the defect, and to set in motion the agencies for its repair, we do not think that the fact of his being also a policeman, would affect the question of notice.   The same person may be authorized to perform duties in different departments on behalf of a city, and no reason occurs to us why a city may not authorize and direct police officers to inspect sidewalks and report defects to be repaired.   The evidence tended to prove that the policemen of the city had been directed to perform, and had been in the habit of performing, as a part of their duties to the city, the reporting of such defects under circumstances and in a way implying notice to the general officers of the city that they were acting for the city in that department.   The record seems to have been publicly kept at the police station.   In the case of City of Chicago v. Hoy, 75 Ill. 530, notice to a policeman of an obstruction in the street consisting of a dead horse, was held to be notice to the city where it was made the duty of the police to report and enter in a book in the police station all animals found dead by them.   We think that the jury were incorrectly instructed on that question, and that it was not necessary that a policeman should be formally constituted or entitled as an officer of the street department in order to receive notice of a matter within the scope of his duties.   If the police were charged with the duty which they had been performing with respect to sidewalks by the direction, or with the knowledge and approval of those having general charge of the affairs of the city, we think that notice to one

of their number would be notice to the city. Otherwise a person might perform all the duties of an officer, and be a *de facto* officer, and yet be incapable of receiving notice.

The first and third instructions for defendant were also objectionable. The first was argumentative and both gave the jury to understand that the standard of care exacted of the defendant in the inspection of its sidewalks, was the same as that to be expected of the casual passer by. The standard of diligence is not the same, and the difference is constantly recognized in the adjudged cases, where persons passing over walks with the duty of observing ordinary care for their own safety, are held to have exercised such care although not perceiving a defect, while the municipal corporation is considered negligent in not discovering it. It can not be said, as a matter of law, that those charged with a duty for the safety of the public have discharged that duty by exercising the care to be expected of those having no such duty.

The judgment will be reversed and the cause remanded.