# City of Joliet v. Patrick Looney.

1. CITIES AND VILLAGES—*Defects in Sidewalks—Notice to Policemen.* —Where the policemen of a city or village are charged with the duty of reporting defects in sidewalks, notice of such a defect to one of their number is notice to the city or village.

2. SAME—*When Notice to a Policeman is Notice to the City.*—Where the policemen of a city or village, with the knowledge and approval of the officers having general charge of municipal affairs, had been for several years charged with, and had been performing the duty of inspecting sidewalks and reporting defects therein, by which the agencies for their repair were set in motion, notice to a policeman is notice to the city or village.

3. INSTRUCTIONS—*Right of the Court to Give After the Jury Have Left the Bar.*—Where there is an omission to instruct the jury upon a question, material in determining the case, the court may, if equal opportunity is given to each side, submit further instructions.

4. SAME—*Sending to the Jury Room—Objections.*—An objection that an instruction was sent to the jury room and not given in open court, can not be made for the first time in the Appellate Court; if not made at the time in the court below, it is waived.

**Memorandum.**—Action for personal injuries. In the Circuit Court of Will County; the Hon. DORRANCE DIBELL, Judge, presiding. Declaration in case; plea of not guilty; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1894, and affirmed. Opinion filed December 13, 1894.

APPELLANT'S BRIEF, JOHN W. D'ARCY, ATTORNEY.

As to the rule requiring sidewalks to be kept in reasonably safe condition for the use of the public, see Jefferson v. Chapman, 127 Ill. 446; Mt. Vernon v. Brooks, 39 Ill. App. 433; Brownlee v. Alexis, 39 Ill. App. 135; Murphysboro v. O'Riley, 36 Ill. App. 160.

Whenever a street becomes unsafe, a city is not liable unless it has notice, or unless such lapse of time has intervened that in the exercise of reasonable care and diligence it would have known of the defect and might have made the necessary repairs. Hoopestown v. Eads, 32 Ill. App. 78.

Notice to the street commissioner is notice to a city. Brownlee v. Alexis, 39 Ill. App. 144.

Question of notice to a city is one of fact for the jury. Kuntsell v. City of Chicago, 37 Ill. App. 326; Chicago v. Fowler, 60 Ill. 322; Powers v. Chicago, 20 Brad. 178.

J. L. O'DONNELL, attorney for appellee.

MR. JUSTICE CARTWRIGHT DELIVERED THE OPINION OF THE COURT.

The record of a judgment in this suit in favor of the present appellant against appellee was brought to this court at a former term by writ of error, and that judgment was reversed and the cause remanded. The case was reported as Looney v. City of Joliet, 49 Ill: App. 631. After reinstatement in the Circuit Court the case was again tried, resulting in a verdict for appellee for $1,500, and judgment was entered for that amount and costs.

The evidence on the last trial as to the defect and the accident was the same as before, and the important questions of fact related to the question of notice, express or implied, to defendant of the defect, and to the extent of plaintiff's injuries. The evidence introduced to prove notice to the defendant of the defective condition of the stone, either on account of the existence of such condition for such length of time that knowledge would be implied, or from actual information, consisted of testimony that one who worked in the store in front of which the stone was located, noticed six weeks before the accident that the stone was cracked and was shaking every day when he stepped on it; that when a policeman of defendant passed over it a couple of days before the accident it shook under his heel, and he examined it with his lantern and reported to a police captain at the station, telling him that he had better put it in the record and have the street commissioner look after it; that a police captain on duty on the evening of the accident was notified of the defect, and that for several years it had been one of the duties performed by the police to report all defective sidewalks found by them and enter the same in a record kept at the police station for that purpose, to which

the superintendent of streets was accustomed to go for information as to such defective sidewalks. On the other hand the defendant proved that a number of persons, accustomed to pass over the stone frequently, had not noticed the defect, and the police captain denied that the policeman reported the defect to him a couple of days before the accident, and testified that such report was after the stone fell.

The evidence would justify the jury in a finding that the defect had existed for six weeks or more, and that the defendant, by the exercise of reasonable care, would have discovered and remedied it; but the court gave an instruction under which they might find from the evidence that the defendant also had actual notice of the defect, and the rulings on the evidence were in harmony with the instruction. Most of the argument for the appellant is directed to the question whether actual notice could be given to the defendant in the manner stated in the instruction and shown by the evidence. The instruction is as follows: If you believe, from the evidence, that plaintiff was injured by a defect in the sidewalk of defendant, as alleged in plaintiff's declaration, and if you further believe that for several years prior to and at the time of such injury, with knowledge and approval of the superintendent of streets, a book was kept at the police station, in the city of Joliet, in which policemen were directed to note defects in sidewalks, and that the policemen of said city were charged with the duty of examining and reporting to their departments, defects in the sidewalks observed by them for the benefit of the superintendent of streets, and that at that time the superintendent of streets was accustomed to resort to said book and to the reports of said policemen for information concerning defects in sidewalks, and that one or more of the policemen in the employ of defendant, noticed the defect in the sidewalk so long before the time of the injury that there was time, in the exercise of ordinary care, to report and repair said defect, then such notice to the city of Joliet, and the failure to remedy the defect within a reasonable time after such notice, would constitute negligence on the part of the defendant.

City of Joliet v. Looney.

We do not think the instruction objectionable.  In reversing the former judgment, we held, in substance, that if the police, with the knowledge and approval of the officers having general charge of the affairs of defendant, had for several years been charged with, and had been performing the duty of inspecting sidewalks and reporting defects therein by which the agencies for their repair were set in motion, then notice of the defect to a policeman would be notice to the defendant.  The conditions recited in the instruction could not have existed and the duty have been imposed and performed for several years without the concurrence of the police department as well as the superintendent of streets, and the knowledge and approval of the mayor, who was by law and ordinance the head of the police department and had general charge of the affairs of the city.  The city council and all those having such general charge could not have been ignorant that the police were acting for the city in the inspection of sidewalks and reporting defects, and under the decision heretofore made, notice to one so acting would be notice to defendant.

Objection is also made to the giving of the instruction at the time it was given.  The question of notice through police officers was an important one, and the record shows that the respective counsel in their arguments to the jury, made opposite assertions as to the law on the subject.  No instruction was given stating the law as to the notice before the retirement of the jury, and after such retirement the court stated to counsel that the jury had not been treated fairly in that particular and should have been instructed on that question.  The court requested counsel on each side to prepare instructions accordingly, and the instruction in question was drawn on the part of the plaintiff.  At the request of defendant's attorney, the court did not act in the matter until the next day, when said attorney declined to prepare any further instruction, and filed eleven written objections to further instruction being given and asked the court to give the instructions offered by him and refused on the trial.  Thereupon the court sent the instruction to the jury.  The

objections to instructing the jury at that time, when equal opportunity was given to each side to submit further instructions, are without force.

It is also objected that the instruction was sent to the jury room and not given in open court, but the record recites that counsel for the defendant made no objection to the court sending the instruction to the jury room, and requested the court to send to the jury room his refused instructions. The objection is, therefore, not available now, as it was waived.

It is also urged that the damages allowed were excessive. The plaintiff fell on his shoulder, and there was swelling and an abrasion of the skin, which disappeared, but he claimed that he could never use the arm afterward on account of severe pain in it and down his back, and that he could not lie on that side. He had been a strong, healthy man, and worked regularly up to the accident but never worked afterward. He had been treated by a doctor and examined by that doctor and others, who testified that there were no visible changes in the shoulder, but that he seemed to suffer pain if the arm was raised. The doctors, of course, could not feel his pain or see it, but his statements appeared truthful and the physical manifestations of pain genuine. We are not able to say that the jury awarded excessive damages. The judgment will be affirmed.