## Myra Reid v. City of Chicago.

1. CITIES AND VILLAGES—*Liability for Injuries—Defective Sidewalks.* —A municipal corporation is liable to persons injured by its defective sidewalks, where the city through its proper officers knows, or might by the exercise of ordinary diligence be presumed to know, that the walk was out of repair and in a dangerous condition, and a reasonably sufficient time has elapsed, after such knowledge and before the injury, within which to make the necessary repairs.

2.  SAME—*Notice Not Essential.*—It is not essential to a recovery for injuries to persons by reason of defective sidewalks, that the evidence should show actual notice to the city of the defective and dangerous condition of the walk.

3.  SAME—*Duty Regarding Sidewalks—Constructive Notice.*—It is the duty of cities and villages to keep their streets and sidewalks in a reasonably safe condition for people to travel over, and when a sidewalk in a public street gets out of repair, so that it is unsafe to travel upon, and;so remains for a considerable time, notice of the defective condition of the walk will be presumed.

4.  SAME—*Notice to Police Officers.*—Courts take notice that the affairs of a large city are administered through different departments whose spheres of duty are entirely independent of each other; and to charge the officers in charge of streets and sidewalks with notice of everything concerning their condition that may come to the attention of a police officer without, at least, showing in the first instance, or offering to show later as a condition of the admission of the evidence, that the police officer was charged with a duty in such respect, would lead to great abuse, and would open up numerous collateral issues that ought not to be allowed to creep into the case on trial.

**Action in Case,** for personal injuries.   Trial in the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding.   Verdict and judgment for defendant: error by plaintiff.   Heard in the Branch Appellate Court at the October term, 1898.   Affirmed.   Opinion filed July 11, 1899.

S. P. DOUTHART, attorney for plaintiff in error.

No appearance by defendant in error.

MR. JUSTICE SHEPARD delivered the opinion of the court.

The plaintiff sued the city to recover for damages alleged to have been suffered by her by reason of falling through a defective sidewalk.

No evidence was introduced by the city, and the jury, without instructions, returned a verdict of not guilty.

The facts that the sidewalk was defective and that the plaintiff fell through it because of such defect, and that she was at that time in the exercise of ordinary care for her own safety, were established by the evidence, and if plaintiff's right to recover depended upon such matters only, the verdict was wrong.   Two other facts, however, remained to be established by the evidence, to the satisfaction of the

jury: one was, whether the plaintiff was injured, and the other was, had the city notice of the defect in the walk, either actual or constructive.

The evidence of injury is not so convincing as to justify us in saying that the verdict was manifestly wrong with respect to that. But even had the jury found with the plaintiff upon that question, notice to the city, or what is equivalent to notice to it, of the existence of the defect in the walk, must have been shown before a verdict against the city could have been rightfully returned.

A municipal corporation is liable to persons injured by its defective sidewalks, where the city, through its proper officers, knows, or might by the exercise of ordinary diligence be presumed to know, that the walk was out of repair and in a dangerous condition, and a reasonably sufficient time has elapsed after such knowledge and before the injury, within which to make the necessary repairs. City of Peru v. French, 55 Ill. 317.

It is not essential to a recovery for injuries to persons, so occasioned, that the evidence should show actual notice to the city of the defective and dangerous condition of the walk.

" It is the duty of a city to keep its streets and sidewalks in a reasonably safe condition for people to travel over, and when a sidewalk in a public street gets out of repair, so that it is unsafe to travel upon, and so remains for a considerable time, notice of the defective condition of the walk will be presumed." City of Chicago v. Dalle, 115 Ill. 386; City of Sterling v. Merrill, 124 Ill. 522.

For the purpose of showing notice to the city, the plaintiff asked a witness who testified to the bad condition of the walk in question, if he had ever said anything about it to the police officer who traveled that beat, and if he ever reported it to any of the police officers within that district.

The questions were objected to and ruled out by the court. Such ruling was, we think, clearly proper. Courts may know, what everybody else knows, that the affairs of a large city, like Chicago, are administered through different departments, whose spheres of duty are entirely

independent of each other; and to charge the officers having control of streets and sidewalks with notice of everything concerning their condition that may come to the attention of a police officer, without at least showing, in the first instance, or offering to show later, as a condition of the admission of the evidence, that the police officer was charged with a duty in such respect, would lead to great abuse, and would open up numerous collateral issues that ought not to be allowed to creep into the case on trial. City of Joliet v. Looney, 159 Ill. 471.

It is not unlikely that counsel for plaintiff had in mind that it was necessary to show a duty in such regard by the police officers, for he asked the same witness, "What instruction was given by any of the officers of the city to the policeman who traveled the beat, with reference to sidewalks, if any, that you know?"

That question was likewise ruled out upon objection, and properly so.

In the first place, it does not appear that the witness knew that instructions of any sort, in connection with the subject of the inquiry, were ever given to the policeman in question. True, the witness had formerly been a police sergeant, but such fact does not necessarily imply his knowledge in such respect. The more serious objection to the question is that it is directed to instructions "given by any of the officers of the city." The city attorney is an officer of the city; so is the city clerk, the city treasurer, the comptroller, the oil inspector and the fire marshal; but it would be absurd to hold that the city would be bound by notice given to a policeman in pursuance of the instructions of one of such officers.

What officer, or department authority, might confer a duty upon a police patrolman such as would charge the city with notice of what he was notified concerning, we expressly do not here decide, nor do we decide any one of the other numerous questions that may be suggested by the discussion, except the one that the question was properly ruled out.

There was, therefore, no evidence in the case, of actual

notice to the city. And, by necessary intendment of the verdict of the jury, it is settled that under the evidence the city was not bound by presumptive notice of the defect.

We have, unaided by those whose duty it was to file briefs here in behalf of the city, come to the conclusion that there is no error in the record, to which our attention has been called, and the judgment of the Circuit Court is affirmed.