City of Chicago v. Davies.

---

### City of Chicago v. Sadie Davies.

1. MUNICIPAL CORPORATIONS—*When Notice of Defective Sidewalk Will Be Presumed.*—Where a hole in a sidewalk has been in existence or several months, the city will be presumed to have had notice of its existence.

2. DAMAGES—*Instruction to Jury to Consider all the Facts and Circumstances Proved by the Evidence in Assessing, Proper.*—An instruction to the jury to consider all the facts and circumstances proved by the evidence in determining the amount of damages, is proper.

3. SAME—*Properly Allowed for Plaintiff's Suffering in Mind and Body, and Future Suffering and Loss of Health.*—Damages in a personal injury case for injuries resulting from a defective sidewalk may properly be assessed for plaintiff's suffering in mind and body, if any, resulting from her physical injuries, and for future suffering and loss of health resulting from such injuries.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. GEORGE W. PATTON, Judge presiding. Heard in the Branch Appellate Court at the October term, 1902. Affirmed. Opinion filed December 4, 1903.

JOHN E. OWENS, city attorney, for appellant; WILLIAM J. STAPLETON, of counsel.

GEORGE LAUDER TURNBULL, attorney for appellee; EDWARD MAHER, of counsel.

MR. JUSTICE STEIN delivered the opinion of the court.

This is an appeal from a judgment of $3,000, recovered by appellee against appellant for injuries sustained by her from falling into a hole in a board sidewalk caused by one of the boards being entirely gone. The accident happened in the evening after dark. Appellee had never been over the sidewalk before. The jury found she was in the exercise of ordinary care for her safety, and we see no reason for disturbing the finding.

Under an appropriate allegation in the declaration the following ordinance of appellant was received in evidence :

" It shall be the duty of all policemen to take note of all defects in sidewalks, and when out of repair * * * report the same, and all defects, to the department of public works, and see to the enforcement of this article."

For the purpose of showing actual notice to the city of the defective sidewalk the court, over the objection of appellant's counsel, admitted evidence tending to prove that the attention of one of appellant's policemen was called to the condition of the sidewalk shortly before the accident. This evidence it is now claimed was incompetent, and Joliet v. Looney, 159 Ill. 471, is cited in support of the contention. We think that case sustains the ruling of the trial court. There it was held that notice to a policeman is notice to the city, where he was charged with the duty of reporting defects in sidewalks by writing in a book kept for such purpose with the knowledge of the superintendent of streets, who resorted to such reports for information. Whether there was an ordinance creating the duty does not appear in the report of the case. It is altogether likely, however, (see same case under title Looney v. Joliet, 49 Ill. App. 621), that there was no ordinance, but simply a practice of requiring policemen to report defects. In the case at bar they were required to do so by the express terms of the ordinance. In Reid v. City, 83 Ill. App. 554, also cited by appellant, the ordinance was not proven, and the duty of the police to report defects not shown; and for that very reason it was held that notice to the police was not notice to the city. At all events the alleged error in admitting

the evidence was harmless. The proof of constructive notice by reason of the existence of the hole for several months before the accident was ample, and appellant offered no evidence in that regard nor as to the happening of the accident.

The sixth instruction given for appellee is objected to because it directed the jury in determining the amount of damages to consider " all the facts and circumstances proven by the evidence." An instruction worded the same way was approved by this court in West Chicago St. Ry. Co. v. Dougherty (opinion filed October 30, 1903), and the reasons for the approval are the same here as there. Nor was the instruction wrong because it permitted damages to be assessed for appellee's " suffering in mind and body, if any, resulting from such physical injuries and such future suffering and loss of health, if any," etc. Ry. Co. v. Brown, 193 Ill. 277; Ry. Co. v. Taylor, 170 Ill. 49; Ry. Co. v. Serfass, 153 Ill. 384; Chicago v. McLean, 133 Ill. 152; Ry. Co. v. Martin, 111 Ill. 219; R. R. Co. v. Stables, 62 Ill. 313.

The objections to appellee's fifth instruction are not well taken.

There is some conflict in the proof as to whether the injuries complained of are the result of the accident, but we are of opinion that the great preponderance of the evidence shows such to have been the case. Reversal is also urged because of the misconduct of appellee's counsel in persistently exhibiting before the jury one of appellee's ovaries which had been removed from her person after the accident, notwithstanding the court's repeated admonitions and directions to the contrary. If the record showed or at all tended to show any harm resulting to appellant from the acts of counsel, we would reverse on that ground alone. The damages awarded, however, are quite reasonable and the proof leaves no doubt as to appellant's liability.

The judgment is affirmed.