Annie Lifschitz, Appellee, v. City of Chicago, Ap-
pellant.

Gen. No. 14,575.

1. STREETS—*how notice of disrepair of, must be shown.* In order
to show actual notice to a municipality of the disrepair of a public
street, it must appear from the evidence that notice of the defective
condition of the sidewalk was brought to an officer or agent of the
municipality charged with a duty respecting it. The admission of
evidence of notice to an officer or agent not charged with such a
duty is error which will reverse even though there was like proof
of constructive notice.

2. INSTRUCTIONS—*when erroneous cannot be cured by other in-
structions given.* An instruction which directs a verdict cannot be
aided or corrected by other instructions in the same series.

3. INSTRUCTIONS—*when upon liability of city for negligence er-
roneous.* An instruction which imposes upon a municipality the
duty to use reasonable care and diligence "to keep such sidewalk

in good repair and condition" is erroneous as imposing upon such municipality a higher degree of care than the law requires.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. George A. Dupuy, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Reversed and remanded. Opinion filed June 4, 1909. Rehearing allowed June 25, 1909. On rehearing reversed and remanded and opinion refiled July 9, 1909.

Edward J. Brundage, Corporation Counsel, and John R. Caverly, City Attorney, for appellant; Edward C. Fitch, of counsel.

Moses, Rosenthal & Kennedy, for appellee; Joseph W. Moses, of counsel.

Mr. Presiding Justice Smith delivered the opinion of the court.

This appeal is prosecuted to reverse a judgment of the Superior Court in favor of appellee against appellant, City of Chicago, for damages for alleged injuries claimed to be the proximate result of negligence of appellant respecting a sidewalk.

The declaration consists of two counts. It alleges that on August 1, 1905, the city was possessed of a certain public street, known as Loomis street, which intersected Fourteenth street, also a public street; that the city permitted the sidewalk at the said intersection to be and remain in an unsafe condition. The first count alleges that the city permitted large apertures, holes and furrows to be and remain in the sidewalk on Loomis street at said intersection, which the city well knew, or by reasonable care could have known, but appellee did not know of such defects, and by the use of reasonable care could not have known of them, and while exercising due care appellee stepped into one of said holes and was injured.

The second count avers that the city permitted certain planks forming the sidewalk on or about the intersection of the sidewalk on Loomis street with the sidewalk on Fourteenth street to become and remain

Lifschitz v. City of Chicago, 150 Ill. App. 201.

rotten, weak, unsafe and insufficient to bear the weight of pedestrians and persons using said sidewalk; and that appellee, while using due care, by reason thereof, fell through and was thrown upon the sidewalk with great force and injured.

Both counts allege the service of notice upon the city advising it of the accident and the time and place thereof and of the residence of appellee, and of the names and residences of her attending physicians.

Errors are assigned upon the admission of testimony offered by appellee over the objections of appellant, and upon the giving to the jury certain instructions requested by appellee.

For the purpose of showing notice of the alleged unsafe condition of the sidewalk where appellee was injured, to the city, appellee produced the witness Hackner, a druggist at the corner of Loomis and Fourteenth streets, who was permitted to testify that he had a conversation with a man by the name of Rosenberg, a sidewalk and alley inspector of that ward, about two weeks prior to August 1, 1905, regarding the condition of the sidewalk, and that he called Rosenberg's attention to the condition of the sidewalk and told him that it ought to be repaired. This testimony was received over the objection of appellant; and a motion was made by appellant to strike out the testimony of Rosenberg on the ground that there was no proof that it was Rosenberg's duty to report defects in sidewalks to the proper city officials, or that he was a sidewalk inspector. The court denied the motion, and also denied the motion to strike out his testimony as to the location of Ward 10 of the city. On cross-examination Hackner said he knew Rosenberg was the inspector because he had been told so, and had seen him performing his duties.

Appellant produced the public records and the testimony of their custodian which showed that Rosenberg was only a laborer on street repair work, and sometimes had charge of a gang of men, and that he was

not an inspector or an official. This was supplemented by the testimony of Sima, the ward superintendent for that ward.

But the testimony of Hackner considered by itself, and without reference to the testimony offered by appellant, cannot be considered as admissible for the purpose of showing notice, for it falls far short of containing the necessary elements to prove that Rosenberg was an officer of appellant charged with a duty concerning the sidewalk. Neither his official character nor the existence of the office is shown. The testimony is not aided or supported by the ordinance subsequently introduced by appellee. It must appear from the evidence that notice of the defective condition of the sidewalk was brought to an officer or agent of the city charged with a duty respecting it, in order to constitute actual notice to the city. Looney v. City of Joliet, 49 Ill. App. 621, 625; City of Joliet v. Looney, 56 Ill. App. 502; Ibid, 159 Ill. 471; Bouton v. McDonough County, 84 Ill. 384. It was material error to admit the evidence in the first place, and it was error to refuse to strike it out on the motion made immediately after its admission.

It is urged on behalf of appellee that, assuming the trial court erred in admitting the evidence offered to show actual notice to appellant of the condition of the sidewalk, such error is harmless, and is insufficient to reverse the judgment, because the proof of constructive notice to appellant was conclusive, and justified the verdict rendered. We cannot agree with this contention. We cannot determine from this record upon which of these two independent lines of evidence the jury based its finding of notice. It may have been based solely upon the improperly admitted evidence. What influence this evidence had upon the jury cannot be known. The presumption is that it was considered by the jury. It was calculated to produce upon the minds of the jury greater effect than the evidence tending to show constructive notice only, and to divert

Lifschitz v. City of Chicago, 150 Ill. App. 201.

their minds from that evidence. We cannot say, therefore, that the error in admitting it for their consideration was harmless.

Error is assigned upon the giving of the first instruction requested by appellee. The instruction reads as follows:

"If the jury believe from the evidence that the plaintiff, while using the sidewalk at or about the southwest corner of 14th and Loomis streets, in the City of Chicago, was injured as alleged in her declaration, and that the injury, if any, would not have happened to her if the said sidewalk had been in good repair and safe condition, and that the city did not use reasonable care and diligence to keep said sidewalk in good repair and safe condition, but negligently permitted said sidewalk to be and remain out of repair and in an unsafe condition in the respects charged in the plaintiff's declaration, or either count thereof, and that said condition so remained for such a length of time that the public authorities of the City of Chicago, by the exercise of reasonable care and diligence, could and would have discovered and repaired the same; and if you further believe from the evidence, that the plaintiff, at and prior to the time of said injury, if any, was exercising ordinary care to avoid injury while using said sidewalk, then you are instructed that the defendant is liable in this action for such injury, if any, and you should find the defendant guilty."

This instruction imposes upon the city the duty of using reasonable care and diligence "to keep said sidewalk in good repair and safe condition." As the instruction directs a verdict it cannot be aided or corrected by other instructions in the same series. C. C. Ry. Co. v. Shreve, 226 Ill. 530; Pardridge v. Cutler, 168 id. 504. This instruction extends the obligation of the city too far. The duty imposed by law upon the city is to use reasonable care and diligence to keep its streets in a reasonably safe condition and repair for travel. City of Rock Island v. Gingles, 217 Ill. 185, 187. The instruction is erroneous in that it im-

poses upon the city a higher degree of diligence than the law requires.

The instruction complained of in City of Gibson v. Murray, 216 Ill. 589, 592, which the court pronounced defective, did not direct a verdict, and hence, the error was held to have been cured by another instruction given in the case. The instruction also contained the following clause immediately after the words complained of in the instruction,—"and by that means allowed it to become defective and unsafe." The court said with reference to this clause in the instruction: "If the sidewalk was allowed to become defective and unsafe, the city had failed to keep it even in a reasonably good and safe condition." Under such circumstances it was held that the defect in the instruction was not sufficient to authorize a reversal of the judgment. But, as we have said, the instruction before us in this case cannot be cured by the other instructions in the series, such as that above quoted, which necessarily modifies or corrects the error indicated. In our opinion the error in this instruction cannot be considered harmless in this case, in view of the evidence in the record.

For the errors indicated the judgment is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*