# THE CITY OF ROCKFORD

*v.*

# ISAAC HILDEBRAND.

1. CITIES—*sidewalks—repairing.* It is a duty resting on cities to keep their streets and sidewalks in a safe condition for persons passing along and over them, but they are not bound to keep them absolutely safe so as to preclude the possibility of accident or injury, but they are bound to exercise ordinary care and diligence to keep them reasonably safe.

2. SAME—*ordinances as evidence.* It is not error to admit the ordinances of a city when it is sued for injury resulting from neglect in keeping the sidewalks in a safe condition, when they tend to show the city has control thereof and had taken the streets under its cognizance. Such ordinances are relevant to the issue and therefore proper evidence, and if likely to mislead, the defendant should ask instructions to obviate such tendency and confine the evidence to its legitimate purpose.

3. SAME—*proof of ordinances.* Where the mayor of the city testified that the book from which ordinances were read, marked "City Records," was the original record of the city wherein was recorded all city ordinances; that it was kept in the office occupied by the city clerk and himself, and he had access to it: *Held,* the ordinances were sufficiently proved to permit them to be read in evidence, without proof of their publication.

4. WITNESS—*opinion of, inadmissible.* Where a witness had stated that there was a thin coating of ice throughout the city, his opinion as to whether it increased the difficulty of passing over the sidewalks was inadmissible, as it was for the jury to draw conclusions on that question from the evidence before them without the aid of the witness.

5. SIDEWALKS—*out of repair—notice.* Where a sidewalk had been in the condition it was when the accident occurred, for one year and nine

months, it was not such error in the court in giving an instruction that, if the jury believed the sidewalk had been in an unsafe condition an unreasonable length of time, as would reverse, although it omitted a requirement that they should find the city had notice of its condition. Notice, actual or constructive, will be implied.

6. INSTRUCTIONS. Where the evidence showed that the party injured was, at the time, walking as he usually did, it is not error to modify an instruction by striking out a portion of it which stated that such manner of walking was no evidence of care on the part of plaintiff, and it is not error to refuse an instruction which contained a similar statement. It was not a question of law, but of fact, to determine whether his manner of walking did, or did not, prove anything.

7. DILIGENCE—on part of plaintiff. If the sidewalk where the accident occurred, and all of the streets, were unusually icy, and it was more than usually difficult to walk on them, and the accident occurred in the night time, it was no doubt the duty of plaintiff to use a higher degree of care and caution than he would under ordinary circumstances. Common or ordinary diligence is that degree of diligence most generally exercised by men in respect to their own affairs, and not that of any one man in particular. And the question, whether due care and caution have been exercised, is one of fact and not of law, and to be left to the jury.

8. CITIES—their liability under charter. Where charters of cities give them the power to cause suitable sidewalks to be made and to keep them in repair, and make adequate provision for so doing, the exercise of the power follows as a duty. Where city authorities are clothed with a power which concerns the public interest, the execution of the power may be insisted upon as a duty which the corporation is bound to fulfill. Nor does it absolve them from its performance by reason of the charter requiring the lot owners to build sidewalks, as the city has control of them, and the charter recognizes the liability of the city to damages and gives it an action over against the owner of the adjacent lot.

APPEAL from the Circuit Court of Winnebago county; the Hon. WILLIAM BROWN, Judge, presiding.

This was an action on the case, brought by appellee in the Winnebago circuit court, against appellant, to recover for injuries sustained from a fall occasioned by a defect in a sidewalk in the city. The declaration contained four counts in the usual form, to which the defendant pleaded not guilty.

The case was tried at the January term, 1871, by the court and a jury, resulting in a verdict in favor of plaintiff for $1500.

After overruling a motion for a new trial, the court below rendered judgment on the verdict, and the case is brought to this court by appeal and errors are assigned on the record.

Mr. C. M. BRAZEE, for the appellant.

Messrs. CRAWFORD & MARSHALL, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The first error assigned on this record is, that the verdict is against the evidence.

It is urged that the evidence is insufficient, as showing either negligence on the part of the city or that there was the exercise of ordinary care on the part of the plaintiff.

The defect complained of as the cause of the alleged injury, was in the connection of the sidewalk with an alley crossing. At their intersection the alley was some six or eight inches below the level of the sidewalk, and a sloping plank was set from the sidewalk on to the alley crossing at an angle of about forty-five degrees. The injury was caused by the slipping of the plaintiff's foot in stepping on to this inclined plank as he was passing along the sidewalk in the night time, in the month of January, when there were snow and ice upon the ground.

It is said that inequalities of this nature and extent, at alley and street crossings, are customary not only in this but all cities, and of necessity must exist; and that negligence is not imputable to the city by reason of such a defect.

The duty resting upon cities to keep their streets and sidewalks in a safe condition for persons passing along and over them, it is true, does not import that they are to keep them absolutely safe so as to preclude the possibility of accident or injury, but they are bound to exercise ordinary care and diligence to keep them reasonably safe.

The street upon which the sidewalk in question was laid, appears to be the principal business street of the city, though

158 CITY OF ROCKFORD *v.* HILDEBRAND. [Sept. T.,

Opinion of the Court.

near the limit of the business portion of it; and as to any necessity existing for this slope in the walk, the unevenness appears to have been obviated subsequently at quite a slight expense by raising the alley crossing to a level with the sidewalk.

The plaintiff, as testified to by him, appears, at the time of the accident, to have been "walking along as he always walked," no faster than usual; and without further reviewing the evidence we will say that, after a careful consideration of it, in view of every point urged as denoting either want of ordinary care on the part of the plaintiff or the absence of negligence in the city, our conclusion is that there is evidence to sustain the finding of the jury, and we do not feel warranted in disturbing it as being unsupported by the evidence.

It is next objected that the ordinances of the city introduced in evidence were improperly admitted; that they were irrelevant to the issue and tended to mislead the jury.

They all tended to show that the sidewalks of the city were constructed under its authority, and that the city had taken them and its streets under its cognizance and control, and so far they were testimony relevant to the issue. *City of Champaign* v. *Patterson*, 50 Ill. 62; *The City of Joliet* v. *Verley*, 35 Ill. 59.

There seems to have been an unnecessary multiplication of this species of proof. But so long as it was pertinent to any point involved in the issue, the objection to its admission on the ground of irrelevancy and immateriality is not well taken. Any danger that the jury might be misled by the testimony, might have been guarded against by asking instructions from the court restricting its effect to the purpose for which alone it could be introduced.

The objection that two of the ordinances were not sufficiently proved to be such, was not well taken.

The mayor of the city testified that the book from which they were read, marked "City Records," was the original ordinance record of the city of Rockford, wherein was recorded

all city ordinances ; that the book was kept in the office where the city clerk and himself stayed, and he had access to it. We think this was sufficient to warrant the introduction in evidence of the ordinances as recorded in said record book, and without proof of their publication. As against the city, they were, at least, *prima facie* evidence of what they purported to be.

The witness Andrew, after stating that, as near as he could recollect, there was a thin coating of ice on the walks throughout the city at the time, was asked by defendant's counsel this question: "Was not the walking on the walks of the city, in consequence of that ice, more difficult than usual?" which, on the plaintiff's objection, the court did not permit to be answered, and this is assigned as error. We think the question an improper one, as calling for the opinion of the witness where it was not admissible. The witness had testified to the facts, and it was for the jury to draw the inference and form the opinion as to the matter inquired of.

A common objection is taken to most of the plaintiff's instructions, that they lay down the rule of the city's liability to be, permitting the sidewalk to remain in an unsafe condition for an unreasonable length of time, and leaving out, as an element of its liability, notice on the part of the city of the condition of the walk.

The walk had been constructed and had remained in the condition it was, at the time of the accident, a year and nine months previous thereto, and there was notice to the city, actual or constructive, without question. As the city did not construct the sidewalk, notice of its condition was requisite to charge the city with liability, but in view of the evidence, leaving no fair question on the point before the jury, we consider that, giving the instruction in the form asked, without the qualification of notice, could have worked no harm to the defendant, and that there was no substantial error in so giving it without such qualification.

It is objected that the court erred in modifying the defendant's fifth instruction by erasing therefrom the words, "And testimony that the plaintiff '*was walking as he always walked*,' at the time of the injury, is not evidence that he was using due care;" and in refusing defendant's fourteenth instruction which contained the same words, predicated upon the hypothesis that the walk was in an unusually icy and slippery condition, and that the accident happened in the night time.

There is no doubt that, under the facts supposed in the last instruction, a higher degree of care and caution would be required than under different circumstances. But the error in the instructions, as asked, consists in making a legal standard of this plaintiff's mode of walking.

Common or ordinary diligence is that degree of diligence which men in general exert in respect to their own concerns, and not any one man in particular. Surely, judicial notice is not to be taken of the plaintiff's manner of walking. There may be that degree of circumspection in his ordinary walk that it would come up to the strictest requirement of care in any, the most dangerous, condition of the sidewalk.

Whether the exercise, on the occasion of the injury in question, under all the circumstances supposed, of only the plaintiff's own usual care and caution in walking, did not amount to the use of due care and caution, was not a question of law but one of fact, which was peculiarly within the province of the jury to decide.

Defendant's tenth refused instruction was a proper one, but it was embraced in others which were given.

Another claim set up by the defendant, which was denied as a ground of defense by instruction and otherwise, is that, under its charter, there is no liability on the part of the city to make, or keep in repair, sidewalks, but the obligation rests solely upon individual lot owners.

The charter gives the authorities of the city the power to cause sidewalks to be built and kept in repair, and makes

provision for the adequate means to that end. The exercise of the power follows as a duty. ·

Where the city authorities have been clothed by statute with power to do an act which concerns the public interest, the execution of the power may be insisted on as a duty, which the corporation is bound to fulfill. *The Mayor, etc., of the City of New York* v. *Furze*, 3 Hill, 612 ; *City of Bloomington* v. *Bay*, 42 Ill. 503 ; *Browning* v. *The City of Springfield*, 17 Ill. 143 ; and see *Conrad* v. *The Trustees of the Village of Ithaca*, 16 N. Y. 159, and case in note, p. 161.

The charter undertakes to impose upon lot owners the costs and charges of making and keeping in repair sidewalks, and the duty of keeping them in a safe condition ; and without reference to the question whether such charge and duty could be rightfully so imposed, it is sufficient to say the charter does not undertake to exempt the city from liability in this respect. So far from it being the intent of the charter that this duty should be exclusively upon the lot owners, it recognizes the existence of the city's liability in providing that, if the city shall, at any time, be subjected to any damages in consequence of any defect in any sidewalk, or its being out of repair, the owner of the adjacent premises shall be liable therefor, and the same may be recovered by a suit, etc.

The instructions are voluminous, and without further passing upon them specifically, we think, after a careful examination of them all, those refused as well as given, that those given fairly presented the law applicable to the case, and no essential error is perceived in the action of the court in either giving, modifying or refusing instructions.

The judgment must be affirmed.

*Judgment affirmed.*