Clara Yocum, by Next Friend, Respondent, v. Town of Trenton, Appellant.

Kansas City Court of Appeals, February 8, 1886.

| 20 | 489 |
| 90 | 22 |
| 20 | 489 |
| f94 | 1416 |
| 94 | 1557 |

1. Municipal Corporations—Defective Sidewalks—Liability for. In order to fix upon a municipal corporation a liability for injury caused by a defective sidewalk, it must have had actual notice of the defect, with reasonable time thereafter to make the needed repair, or the defect must have been of such an obvious or notorious character, or have existed for such a length of time, that the law will raise the presumption, that the municipality either knew of it, or might have known it, by the exercise of that care and diligence due from its servants to the public, in supervising and inspecting its streets and sidewalks.

2. Practice—Instructions—How Regarded.—An instruction should be considered and treated with a regard to the attending circumstances, the facts in evidence, and the other instructions given by the court. "The charge must be taken together, and if, when so considered, it fairly presents the law, and is not liable to misapprehension, nor calculated to mislead, a cause should not be reversed because some one of the instructions may lay down the law without sufficient qualifications." *Rice v. City of Des Moines,* 40 Iowa 641.

3. Negligence—Liability for, Notwithstanding Intervening of Third Party.—While the intervening negligence of a third party may break the *causal* connection between defendant's negligence

and the injury to plaintiff, "where, however, the road-maker ought to provide against, as a natural and usual occurrence, then the liability for neglect in repairing is not thereby suspended." Wharton on Negligence, sect. 999.

Appeal from Grundy Circuit Court, Hon. G. D. Burgess, Judge.

*Affirmed.*

The case is stated in the opinion.

J. H. Shanklin, T. A. Witten, and A. G. Knight, for the appellant.

I.   Before defendant can be held guilty of negligence on account of defects in the sidewalk (not arising from their original construction), either express notice of the existence of the defect must be brought home to it, or it must be so notorious as to be observable by all. *Donlin v. City of Clinton*, 13 Iowa 399; *Mayor, etc., N. Y. v. Sheffield*, 4 Wall. (U. S.) 189; *Howe v. Plainfield*, 41 N. H. 135; *Bradwell v. Jamaica*, 15 Vt. 438; *Manchester v. Hartford*, 30 Conn. 118; *Dewy v. Detroit*, 15 Mich. 307; *Goodnough v. Oshkosh*, 24 Wis. 549; Wharton on Neg., sect. 962; *Bonine v. City of Richmond*, 75 Mo. 437; *Russell v. Columbia*, 74 Mo. 480.

II.   The *second* instruction given for plaintiff, aside from the erroneous doctrine announced by it, is calculated to mislead the jury. The expression "for a long space of time" has no definite meaning. When the instructions in a case are so contradictory that it is impossible to say on what ground the verdict of the jury was based, if any of them are inconsistent, the judgment should be reversed. *Staples v. Town of Canton*, 69 Mo. 592.

III.   While the intervening negligence of the man who caused the little girl to trip and fall is not pleaded, as a defence, it is submitted that no such plea is necessary. If the proof shows that there would have been no injury but for the intervening negligence of a third party,

it would seem that such showing would defeat recovery. Wharton on Neg., sect. 999, and cases there cited.

E. M. HARBER and GEO. HALL, for the respondent.

I. The instructions must all be considered together, and if, as a whole, they are correct, the court will not reverse the case, even though one or more are, in themselves, faulty.

II. As a general rule, a municipal corporation is not answerable for damages caused by a defective condition of its highway, unless : (1) Such defect has been produced by its own act. (2) Unless it has received actual notice of such defect, and a reasonable time had elapsed before the accident happened to enable it to repair the same, by the exercise of ordinary diligence. (3) Unless such time had elapsed between the happening of the defect and the accident, that the corporation might, by the exercise of reasonable diligence, have discovered the defect and repaired it. Cent. Law Journal, Feb. 28, 1885 ; article by Judge S. D. Thompson. The facts should be submitted to the jury under the instructions. *Rockford v. Hilderbrand*, 61 Ill. 155 ; *Galesburg v. Higby*, 61 Ill. 287 ; *Springfield v. Doyle*, 76 Ill. 202.

III. Where the defect has been shown to have existed for an unreasonable length of time, the courts have held as matter of law that the municipality had notice of the defect, and was liable therefor. *Cases in paragraph II, supra; Smith v. St. Joseph*, 45 Mo. 449 ; *Market v. St. Louis*, 56 Mo. 189 ; *Rice v. Des Moines*, 40 Iowa, 641 ; *Bonine v. City of Richmond*, 75 Mo. 437 ; *Harman v. Boston*, 114 Mass. 241 ; *Hume v. New York*, 74 N. Y. 264 ; *McLaughlin v. Carey*, 77 Pa. St. 109 ; *Holt v. Penobscot*, 56 Maine, 15 ; *Rowe v. Portsmouth*, 56 N. H. 291 ; Wharton on Neg., sect. 863 ; 2 Dillon on Mun. Corp. (2 Ed.) sect. 790 ; *Ibid* (3 Ed.) sects. 148, 149.

IV. The doctrine of intervening negligence cited, is not applicable here, as a different rule prevails in Missouri and several other states. *Ring v. City of Cahvès,*

77 N. Y. 83; *Hall v. Kansas City*, 54 Mo. 598, and cases cited; 1 Suth. on Dam. 68.

V. The instructions of defendant were properly refused, because there was no evidence to support them.

PHILIPS, P. J.—This is an action to recover damages against the defendant, a municipal corporation, for injuries sustained by the plaintiff on account of a defective sidewalk. The evidence, in so far as it is pertinent to the questions to be determined, showed that the plaintiff, a girl aged eleven years, was passing along one of defendant's sidewalks, on a frequented street and passway, and at a point where there were two or more planks loose, she was met, or overtaken, by a gentleman, walking quite fast, who stepped on the end of one of the loose planks, in passing plaintiff, whereby it flew up, and threw her violently to the sidewalk, by reason of which she was grievously injured, and permanently crippled, as the evidence tended to show. This defect in the sidewalk had existed for a month or more previous to this injury. The plaintiff recovered judgment for $1,600, and the defendant has appealed.

I. The matter of error most pressed upon our attention by appellant is the following instruction given by the court on behalf of plaintiff:

"2. In order for plaintiff to recover in this case it is not at all necessary that she should show that defendant, or its agents or officers had actual knowledge or notice of the defect in, or dangerous condition of said sidewalk, if it was defective or dangerous; but if said sidewalk, at said point where plaintiff alleges she received her injuries, had been out of repair, and in an unsafe or dangerous condition for a long space of time prior to plaintiff's so receiving the injuries complained of, then the law presumes the defendant had knowledge and knew thereof."

The criticism is, that it asserts the law will presume notice to the defendant of the existence of the defect in the sidewalk, from the fact of its having been long out of repair,

and in an unsafe and dangerous condition "for a long space of time prior to the injury."

There is no question of the rule of law, that in order to fix upon the defendant a liability for such injury, it must have had actual notice of the defect, with reasonable time thereafter to make the needed repair, or the defect must have been of such an obvious or notorious character, or have existed for such a length of time, that the law will raise the presumption that defendant either knew of it, or might have known of it, by the exercise of that care and diligence due from its servants to the public in supervising and inspecting its streets and sidewalks. It is well settled that if such defect be obvious and notorious, the law will, after a reasonable lapse of time, presume that the municipal authorities knew of it. *Lindholm v. St. Paul*, 19 Minn. 245 ; 2 Thomp. on Neg. 763, and cases cited. This same author asserts, on same page, that : "notice will be inferred if the defect in the street or sidewalk had existed for a considerable length of time." And the text seems to be supported by the following adjudications : *City of Rockford v. Hilderbrand*, 61 Ill. 155 ; *City of Galesburg v. Higby, Id.* 287 ; *City of Springfield v. Doyle*, 76 Ill. 202 ; *Harriman v. Boston*, 114 Mass. 245 ; *Bill v. City of Norwich*, 39 Conn. 225. In *Dewy v. City of Detroit* (15 Mich. 307), the court held that in a city of the magnitude of Detroit the defect in the street should be so open and notorious, or of so long standing as to naturally arrest the attention of passers over it. This would seem to recognize a most reasonable distinction as to cities of such vast territory that its officers and servants charged with the care of its highways could not reasonably be expected to have notice of defects in every part of its domain requiring minute inspection to discover them.

Without affirming the correctness, as an abstract proposition of the instruction under review, it should be treated with a regard to the attending circumstances, the facts in evidence, and the other instructions given by the court. The defendant is an ordinary municipal town.

No pretense was made at the trial that its dimensions entitled it to any exemption from the rule based on its presumed opportunities for discovering readily the condition of its highways. This sidewalk was badly out of repair. The defect was obvious, for it was noticed by many passers. A citizen had been struck prior to this injury, by one of these planks flying up when stepped upon. The plaintiff, young as she was, had noticed the bad condition of this sidewalk. It had been out of repair for a month or so. It was on a street much frequented. The least vigilance, commensurate with public duty, would have enabled defendant to discover this defect. It was a dangerous place, as the result to this plaintiff attests. While such corporations are not made by law the absolute insurers of the limbs and safety of those who pass over its highways, yet, in view of the large powers committed to their hands, and the danger to limb and life of those who must use its thoroughfares, they should not be indulged by the courts in acts of negligence, but should be held to rigid accountability for their important public trust.

In *Market v. City of St. Louis* (56 Mo. 190), the defect had existed for about two months. The court say : "If a reasonable time had elapsed, as was the case here, where the defect continued for two months, no express notice is necessary." A defect of three weeks' standing was held sufficient notice in *Sullivan v. City of Oshkosh* (13 N. W. R. 468). As to the criticism made on the term, "a long space of time," contained in the instruction, it is a sufficient answer to say that the defendant asked, and the court gave on its behalf, the following instruction :

"3. Although the jury may believe from the evidence that there were two or more loose planks in the sidewalk in question, and that plaintiff was injured by reason of such defect, still, the defendant is not liable in this case, unless the jury believe from the evidence that the planks had been loose for some length of time, and that this defect was of such an obviously dangerous character that

the city authorities had reasonable time and opportunity to have known of the defect and repaired it."

It employs the words "for some length of time," a much less favorable term for it than that employed by plaintiff. So that, if there was error in this respect, the defendant has adopted it, and it cannot be heard to complain of it here. *Noble v. Blount* (77 Mo. 241), in which is quoted the language of Napton, J. In *Davis v. Brown* (67 Mo. 313): "Considering all the instructions together, we do not see how the jury could have been misled, and the verdict seems to show that they were not. It hardly lies in the mouth of the defendants to object, here, to a technical blunder, * * * which they waived on the trial by adopting the error."

Among other instructions given for the defendant is the following:

"5. The jury are instructed that the burden of proof is upon the plaintiff, and before the jury can find for her she must prove, by a preponderance of the evidence, to the satisfaction of the jury, each of the following facts: (1) That she was injured by reason of a defect in the sidewalk in proof. (2) That the city authorities of the town of Trenton had actual notice of the defect, or that the defect complained of had existed for such a length of time that said city authorities could, by the exercise of ordinary diligence, have known of such defect, and had reasonable time to repair the same; and if she has not so satisfied the jury, by a preponderance of the evidence, they will find for the defendant."

With all this before the jury, and in view of the uncontradicted evidence, it is not apparent to us how the jury could have been misled to defendant's hurt by the instruction complained of. In this respect it is clearly distinguishable from the just criticism made by the court on the instruction in *Staples v. Town of Canton* (69 Mo. 592).

We think the rule laid down in *Rice v. City of Des Moines* (40 Ia. 641), quite applicable to this case: "It is usually not practicable in any one instruction to present

all the limitations and restrictions of which it is suscep-
tible. These, very frequently, must be presented in
other and distinct portions of the charge. The charge
must be taken together, and if, when so considered, it
fairly presents the law, and is not liable to misapprehen-
sion, nor calculated to mislead, a cause should not be
reversed, simply because some one of the instructions
may lay down the law without sufficient qualification."

II. The defendant, in various forms, asked instruc-
tions, to the effect, that if the injury to plaintiff resulted
directly from the negligence of the man who stepped
upon the end of the plank which inflicted the injury, and
that the injury would not have occurred but for his act,
the plaintiff could not recover. These declarations were
refused by the court, and this is assigned for error.

The objection is not well taken. In the first place,
no such issue is affirmatively tendered by the answer. If
it be conceded, however, that such fact might be shown
under the general issue, it is very questionable whether
by the special plea alleging that the injury resulted from
plaintiff's own contributory negligence the defendant
was not precluded from asserting at the trial that the
negligence of some third party had directly produced it.
The two propositions seem hardly consistent. *Currier
v. Lowe*, 32 Mo. 203. And if the position were admis-
sible, there was no proof to sustain it. There was no
evidence that the man who passed the plaintiff had any
knowledge of the defect in the sidewalk at that point, so
as to make any predicate for negligence on his part in
rapidly passing over it. It will, I presume, hardly be
contended by the learned counsel that the sidewalks of a
street, if kept in any tolerable condition, should not
permit the citizen to walk or run over them without being
subject to the imputation of carelessness. The law is
settled against this contention in *Bassett v. City of St.
Joseph* (53 Mo. 300, 301).

While the intervening negligence of a third party
may break the causal connection between defendant's
negligence and the injury to plaintiff, "where, however,

the negligence of the third party is such as the road-maker ought to provide against as a natural and usual occurrence, then the liability for neglect in repairing is not suspended." Wharton on Neg., sect. 999 ; see, also, section 108 ; *Hull v. Kansas City*, 54 Mo. 598 ; *Brink v. R. R. Co.*, 17 Mo. App. 178.

III. This case seems to have been fairly tried, and, under the evidence, we do not see how any other result could have been reached by a competent jury.

The other judges concurring, the judgment is affirmed.