LESLIE WILLIAMS, by JOHN WILLIAMS, Next Friend, Respondent, v. THE CITY OF HANNIBAL, Appellant.

St. Louis Court of Appeals, May 13, 1902.

1. **Municipal Corporation:** INJURIES: DEFECTIVE SIDE-WALKS: CONTRIBUTORY NEGLIGENCE. When the stringers of a sidewalk in a city had rotted, and sunk into the earth so as to let the boards down on the surface, so that they rested on the earth, and not on the stringers, and had become partly embedded in the earth, the walk was per se defective on account of the decayed condition of the board and of the inevitable uneven displacement of the earth.

2. ————: ————. Where plaintiff was traveling over a defective sidewalk, as he was in the habit of doing daily, and without suspecting danger, and his foot was caught by a plank made to fly up without his agency, there was no question of contributory negligence to be submitted to the jury.

3. Negligence: EVIDENCE: NOTICE. To show negligence in the failure of a municipality to repair or reconstruct a sidewalk it is essential to prove, either that the city, through its officers, had actual knowledge of the unsafe condition of the walk or that its unsafe condition had existed for such length of time that by the exercise of ordinary care the defective condition could have been ascertained.

Appeal from Hannibal Court of Common Pleas.—*Hon. David H. Eby*, Judge.

AFFIRMED.

*A. R. Smith* for appellant.

(1) A city is not liable for every defect or imperfection in a sidewalk; the defect must be such that on its account the sidewalk is not reasonably safe for travel in the ordinary modes. Young v. Kansas City, 45 Mo. App. 600. (2) Where there are hidden defects in sidewalks that can not be observed by a person passing along the walk, nor when it is not calculated to attract attention, negligence could not be imputed to the city, and the city is not liable. Buckley v. Kansas City, 156 Mo. 16; Carvin v. St. Louis, 151 Mo. 334; Baustian v. Young, 152 Mo. 317. (3) A city does not insure the lives of those who use its sidewalks. All that the law requires is that the sidewalks shall be reasonably safe for those traveling thereon. Salmon v. Trenton, 21 Mo. App. 182; Young v. Kansas City, 45 Mo. App. 602; Craig v. Sedalia, 63 Mo. 417; Hunter v. Weston, 111 Mo. 184. (4) Where an injury has arisen from the dangerous condition of the streets the gist of the action is the negligence of the municipality, and to raise the liability it must be shown that the dangerous state of the street or sidewalk was known to the municipal authorities and carelessly permitted to continue. Schweickhardt v. St. Louis, 2 Mo. App. 571; Bonine v. Richmond, 75 Mo. 437; Maus v. Springfield, 42 Mo. App. 401; Yocum v. Trenton, 20 Mo.

App. 489. (5) A pedestrian, familiar with the defective condition of a sidewalk, can not act on the ordinary presumption that it is safe. Sindlinger v. Kansas City, 126 Mo. 315; Cowie v. Seattle, 62 Pac. 121; Flynn v. Neosho, 114 Mo. 567.

*G. W. Whitecotton* for respondent.

(1) In one of the cases cited by appellant on this question of knowledge, to-wit, Sindlinger v. Kansas City, 126 Mo. 315, the plaintiff, with knowledge of the defects complained of, was grossly and wantonly reckless and careless. In the other case (Flynn v. Neosho, 114 Mo. 567), the question of knowledge was held to be a question for the jury on the point of contributory negligence; and this case also holds that a city is liable for defects in a sidewalk even though the injured party knew of such defects. Persons using sidewalks have a right to presume that they are in a reasonably safe condition for travel. Roe v. Kansas City, 100 Mo. 190; Russell v. Columbia, 74 Mo. 494; Maus v. Springfield, 101 Mo. 614. (2) In this case plaintiff was using ordinary care in walking along the walk and he could not be expected to meet or anticipate every contingency or danger that such a generally defective walk might develop on an instant's notice. His use of this walk could not be declared to be negligence per se. Such negligence could only be where the danger was so obvious that a prudent person would not take the risk. Waltemeyer v. Kansas City, 71 Mo. App. 358.

BLAND, P. J.—The plaintiff, an infant, who sues by his next friend, on the third day of June, 1901, while rightfully traveling on a sidewalk on the south side of Bates street, in the city of Hannibal, was tripped by a loose board in the walk and thrown to the ground receiving a fracture of one of the bones in the lower left arm.

The suit was to recover damages from the city for this injury.

The answer was a general denial and a plea of contributory negligence, which plea was put in issue by a reply.

The trial resulted in a verdict and judgment for the plaintiff for two hundred dollars, from which the defendant city duly appealed.

The evidence is that the sidewalk on which plaintiff fell was an old one; that it was originally constructed of sixteen-foot grub planks about twelve inches wide by placing three of them side by side the long way of the walk, on stringers eight feet apart, to which the planks were nailed when the walk was laid; that the stringers had so decayed and sunk into the earth as to let the planks down upon the ground and to become partially imbedded in the earth; that the ends of the planks had rotted and the nail holes had rotted out so that the planks were no longer fastened to the stringers. That on the day of the accident the plaintiff, in company with a companion about the noon hour, was going from his place of employment to his home for his midday meal, walking on the sidewalk; that another boy came diagonally across the street and stepped upon the sidewalk ahead of plaintiff and on the end of a board immediately in front of plaintiff, which board flew up a distance of two or three inches and that just as the end of the board raised, plaintiff was in the act of stepping forward and his foot caught in a bootjack-shaped hole in the end of the board throwing him forward breaking his arm. His companion and the other boy went to his relief and found his foot fastened in the notch in the end of the board. This notch is described as a knot hole caused by the dropping out of a knot on account of the decayed condition of the board surrounding the knot. The plaintiff was in the habit of passing over the sidewalk several times daily but had not before the injury discovered any defect in it, other than it was old and that the ends of the boards had decayed around the nail holes. The stringers that had

been placed under the boards were so far decayed and sunken into the earth that they were not observable and could not be seen without removing the boards.

The witnesses for the defendant, who had used the walk for many years and who passed over it daily, testified that it was in a reasonably safe condition and that they had never noticed any defects in it that indicated that it was not safe.

There is no direct evidence that any of the officers of the city had actual notice of the defective condition of the walk and none that the boards had tilted up prior to the accident.

By an ordinance of the city, introduced in evidence by plaintiff, it is made the especial duty of defendant's street commissioner to inspect all sidewalks within the city at least once a month.

For plaintiff the court gave the following instructions:

"2. The burden is upon the defendant to prove to the reasonable satisfaction of the jury by the preponderance or greater weight of the evidence the defense of contributory negligence pleaded in defendant's answer, and if it has failed to so prove and satisfy the jury, the finding must be for plaintiff on this issue, and although the jury may find that plaintiff knew of the condition of said walk, the law did not require of him the exercise of extraordinary care in traveling over said walk, but only that he exercise such care and prudence in passing over and upon said walk as a person of ordinary care and prudence would use under like circumstances.

"3. If you find for the plaintiff, in estimating his damages you will take into consideration the physical injuries, if any, inflicted, the bodily pain and mental anguish, if any, endured, and his inability, if any, to perform his ordinary avocations, and assess his damages at such amount not exceeding one thousand dollars, as in the opinion of the jury will fairly compensate plaintiff for his injuries, if any, sustained.

"B. If the jury find from the evidence in the cause that the plaintiff in passing or undertaking to pass along the side-

walk in question did not exercise ordinary care, and that such want if any, of ordinary care, on his part, however slight, directly contributed to his injuries, if any, then the plaintiff can not recover in this action.

"C.    The court instructs the jury that if they find from the greater weight of the evidence in the cause that at the time of the injury, if any, to the plaintiff, Bates street was a public street in and of the city of Hannibal, and that there was a plank sidewalk lying in front of or opposite the property of James McManus, on the south side of said street, and that at a place in said sidewalk, if any, about fifty feet from the intersection of said Bates street with Market street, the end of the planks or boards of which said sidewalk, if any, were constructed, had decayed and become rotten or broken, so that they had become loosened from the cross-ties, if any, beneath said walk, so that when said boards or planks, if any, were stepped upon, the ends thereof would fly up and down, and further find that by reason of the said condition of said sidewalk, if it was in such condition, the same was not, at the time aforesaid, in a condition reasonably safe for ordinary travel along and over the same, and that on or about the third day of June, 1901, the plaintiff was walking along said sidewalk, and while in the exercise of ordinary care on his part, and owing to the said defective condition of said sidewalk, if the jury find it was in such condition, the plaintiff's foot became caught in said defective portion, if any, of sidewalk, whereby plaintiff was precipitated to the ground, and injured, bruised or wounded, or the lower bone of his left arm broken; and that said defective condition, if any, of said sidewalk was the direct and proximate cause of said injury or injuries, if any; and that said defective condition, if any, of said sidewalk had existed for such a length of time prior to the time plaintiff claims he was injured, that the city, defendant, in the exercise of ordinary care on its part, could have discovered said defective condition, if any, of said sidewalk, and repaired the same before

the time plaintiff claims he was injured, then the verdict of the jury should be for the plaintiff, and unless they so find their verdict should be for the defendant."

The following were given for the defendant:

"2. The court instructs the jury that the city does not insure the lives of those who use its sidewalks, nor is every defect therein, though it may cause an injury, actionable. All that the law requires is that the sidewalks shall be reasonably safe for those traveling thereon, and if you find from the evidence that the sidewalk in question was reasonably safe, your verdict must be for the defendant.

"3. The court instructs the jury that if they find from the evidence that a plank in the sidewalk in question was loose from the stringer, and that the injury to plaintiff was caused thereby, still, if the jury believe from the evidence, that the sidewalk in question, at the point where the injury is alleged to have occurred, was, at the time of the injury, in a reasonably safe condition for travel in the ordinary modes upon a sidewalk, the jury must find their verdict for defendant.

"If the jury find from the evidence in the cause, that the plaintiff in passing or undertaking to pass along the sidewalk in question, did not exercise ordinary care, and that such want, if any, of ordinary care on his part, however slight, directly contributed to his injuries, if any, then the plaintiff can not recover in this action."

Defendant asked instructions in respect to plaintiff's contributory negligence, and the following two in respect to notice to the city of the defective condition of the sidewalk, to-wit:

"7. The jury are instructed that if they find from the evidence that persons passing along said sidewalk failed to observe that it was in a bad condition, then it cannot be assumed that the city officials or defendant should have made such observation, and unless defendant was aware of such condition before the injury of Leslie Williams, or could have become aware of it by the exercise of ordinary care, then the city of

Hannibal is not chargeable with negligence herein and the jury will return a verdict for defendant.

"8.    The court instructs the jury that if you find from the evidence that the city did not have notice of the defect, or if it was not so obvious or had existed for such a length of time as to indicate that the city would have known it if it had used proper care in observing the condition of its sidewalks, the city is not liable, and you are further instructed that even after notice of the defect the city is entitled to a reasonable time in which to make the repairs, and is not liable until it has neglected such opportunity, and your verdict should be for the defendant," which was refused.

There is some conflict in the evidence in regard to the safe condition of the sidewalk at the time of the accident, but there is substantially no conflict as to its actual condition, that is, that the stringers had rotted and sunk into the earth and let the boards down upon the surface, and that they rested on the earth and not on the stringers and had become partially imbedded in the earth.    This condition of the walk was per se defective on account of the decayed condition of the boards and of the inevitable uneven displacement of the earth under them that would occur by the action of frost and rain and by persons passing over the walk.    Whenever the support of the boards became uneven they would necessarily tilt up when the ends were stepped on and were liable to throw persons down in the manner that plaintiff was thrown down.

There is not a ray of evidence tending to show that plaintiff was guilty of contributory negligence.    He was traveling on the walk as he was in the habit of doing daily, not suspecting any danger, when, without a moment's warning, as he made a step his foot was caught by the plank made to fly up without his agency, and the court correctly refused to give defendant's instruction submitting the question of contributory negligence to the jury.    The instructions given for plain-

tiff are not open to cricitism and those given for defendant correctly state the law as far as they go.

The contention of appellant is that the court erred in refusing instructions Nos. 7 and 8, asked by it. The evidence having shown the unsafe condition of the sidewalk, and it being the duty of the city to keep the walk in a reasonably safe condition, the gist of the action was whether the city had been guilty of negligence in respect to this duty in failing to discover the unsafe condition of the walk and to repair it. To show negligence in the failure of a municipality to repair or reconstruct a sidewalk it is essential to prove either that the city, through its officers, had actual knowledge of the unsafe condition of the walk or that its unsafe condition had existed for such length of time that by the exercise of ordinary care the defective condition could have been ascertained. Buckley v. Kansas City, 156 Mo. 16; Baustain v. Young, 152 Mo. 317; Carvin v. St. Louis, 151 Mo. 334; Roe v. City of Kansas, 100 Mo. 190; Yocum v. Town of Trenton, 20 Mo. App. 489. The refused instructions embodied this rule of law and should have been given, and it was error to refuse them unless they are substantially embodied in other instructions given.

Instruction C. given for the plaintiff covers all the facts essential to plaintiff's right of recovery embracing the following in respect to the defective condition of the sidewalk, to-wit: "that said defective condition, if any, of said sidewalk had existed for such a length of time prior to the time plaintiff claims he was injured, that the city, defendant, in the exercise of ordinary care on its part, could have discovered said defective condition, if any, of said sidewalk, and repaired the same before the time plaintiff claims he was injured." The jury were by this instruction expressly told that they must find that the defective condition of the walk had existed for such a length of time prior to the injury that the defendant in the exercise or ordinary care could have discovered the defect and

repaired the same before the injury, before they could find for plaintiff; in other words, they were required to find the city had been negligent in failing to repair the sidewalk before they were authorized to find for plaintiff.

It is the common and approved practice to single out an issue of this character and to instruct the jury upon it in behalf of the defendant, independent of the fact that a general instruction covering the whole case, including the particular issue, has been given for plaintiff. This is done to more sharply mark the particular issue and to impress its importance upon the jury, and if there was any substantial conflict in the evidence in regard to the long continued defective condition of the walk, from which a reasonable deduction might be drawn that the city was unaware of its defective condition, we would be inclined to reverse the judgment on account of the refusal of the court to give defendant's refused instructions Nos. 7 and 8, but there is no such evidence. The walk had been in a bad condition, not only for months but for years, according to the undisputed testimony. The city had a street inspector who was required by ordinance to make a monthly inspection of all the sidewalks in the city limits, and it must be presumed that he did his duty. If he did, he inspected this one; and if he inspected it, he discovered its rotten and defective condition. His knowledge was the knowledge of the city and we do not think that defendant was in the least prejudiced by the court's refusing instructions Nos. 7 and 8.

The judgment is manifestly for the right party, and discovering no reversible error we affirm it. *Barclay* and *Goode, JJ.,* concur.