THE CITY OF ROCK ISLAND

*v.*

MONROE GINGLES.

*Opinion filed October 24, 1905.*

1. MUNICIPAL CORPORATIONS—*duty to keep streets in reasonably safe condition is not absolute.* A municipal corporation is only required to use reasonable care and diligence to keep its streets in a reasonably safe condition and repair for travel, and when it has exercised such care and diligence it is not liable for injury occasioned by defects or obstructions.

2. SAME—*city not required to guard an excavation during day time.* It is not the duty of a city, in the exercise of reasonable care and diligence in keeping its streets reasonably safe for travel, to place a guard or signal at an excavation in the day time, when it is plainly visible to persons traveling upon the streets.

3. SAME—*duty of placing barriers or signals at excavation is not absolute.* An instruction laying down a rule of absolute duty upon a city to have an excavation safely guarded by lights, barriers or other suitable means, instead of merely requiring it to use reasonable care and diligence in that regard so as to make the street reasonably safe for travel at the time of the injury, is erroneous.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Rock Island county; the Hon. EMERY C. GRAVES, Judge, presiding.

This is an action on the case brought by appellee, against appellant, in the circuit court of Rock Island county, to recover for personal injuries sustained.

The declaration alleges that on November 28, 1901, the plaintiff was riding in a certain vehicle drawn by a horse, on Ninth street, in the city of Rock Island, and at the corner of Fourth avenue said city had permitted one Thomas P. Rosenfield, a plumber, to dig a ditch across and at right angles with a street, and it was the duty of said city and plumber to keep said street in such safe condition as to protect and secure the safety of persons driving along Ninth street at Fourth avenue, yet the defendant, regardless of this duty, allowed this ditch, several feet deep, to remain open and unguarded after dark upon the evening in question and without any light or other means to warn plaintiff of its dangerous and unsafe condition, by means whereof the plaintiff, while driving along said street and while in the exercise of due care and caution for his own safety, was injured by his horse falling into the ditch, overturning the vehicle and throwing plaintiff under the struggling horse, whereby he was injured, to his damage of $20,000.

The evidence shows that Ninth street runs north and south and is crossed at right angles by Fourth avenue. Several days before the accident a ditch five feet deep and two feet wide had been dug by Rosenfield in Fourth avenue, extending out into Ninth street. At about 5:30 P. M. on the day in question, while appellee was driving north on Ninth street, his horse, which was blind, fell into the ditch. At the time of the injury the ditch was in no way protected by barriers, lights or other signals or obstructions to warn travelers of its existence.

Upon the trial before the court and a jury, judgment was rendered in favor of the plaintiff for $1250 and costs of suit, which has been affirmed by the Appellate Court, and hence this appeal.

WILLIAM L. LUDOLPH, for appellant.

HARRY M. McCASKRIN, and GEORGE C. WENGER, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Several grounds of reversal are urged by counsel for appellant, but in our view of the case it will be sufficient to notice but one of them,—that is, that the trial court erred in the giving of instructions.

In the first paragraph of plaintiff's second instruction the jury were told that it was the duty of the city, imposed by law, to keep its streets in a reasonably safe condition for persons walking and driving upon them by day as well as night. It places an absolute duty on the city to keep its streets reasonably safe, and in this respect was erroneous. We have held in an unbroken line of cases, beginning with *City of Rockford* v. *Hildebrand,* 61 Ill. 155, and continued down to *City of Salem* v. *Webster,* 192 id. 369, that a city is only required to use reasonable care and diligence to keep its streets in a reasonably safe condition and repair for travel, and that when it has exercised that degree of diligence it is not liable for injury sustained on account of defects or obstructions in the same. In fact, it is not denied that the instruction is erroneous in that it imposed upon the city a higher degree of diligence than the law would justify, but the contention of counsel for appellee is, and the Appellate Court seems to have adopted the view, that the error was harmless, for the reason that under the facts the city was clearly shown to have been guilty of negligence, citing and relying upon the case of *City of Salem* v. *Webster, supra.* We are of the opinion that the evidence in this record does not justify the conclusion, but that the giving of the instruction constituted prejudicial error. The ditch in question was not opened by the city itself, but by a third party under its permission. It had only been opened a day or two prior to the accident, and while it is true that some of the city officials saw it, there was nothing to call their particular attention to the conditions at the time of the injury. Upon the trial there was a sharp conflict in the testimony as to how dark it was at the time. Some of the witnesses testified that it was sufficiently light for ap-

pellee to have seen the danger, while others were equally positive that it was after dark. An employee of the plumber in charge of the work was on his way to the excavation with a signal light at the time of the accident and arrived but a very few minutes after it occurred. It cannot be claimed that it was the duty of the city, in the exercise of reasonable diligence and in order to keep the street in a safe condition, to place a signal or guard at the excavation during the day time, when it was plainly visible to those traveling upon the street. Therefore, whether at a time so nearly between daylight and darkness as was here shown, the city, or the party acting under its permission, was using ordinary care and diligence to place a signal at the ditch was a question of the first importance in the case. Notwithstanding the jury may have believed the witnesses who testified that it was still light when the plaintiff was injured and that a reasonable effort was being made to put out timely signals, still, under this instruction they were bound to find for the plaintiff if they believed that the street was not absolutely kept in a reasonably safe condition. It is true that some of the instructions given on behalf of the defendant correctly stated the law, but whether the jury followed those instructions or adopted the rule announced in the plaintiff's second we have no means of ascertaining.

The fourth instruction given on behalf of appellee is also erroneous in laying down a rule of absolute duty on appellant to have the excavation safely guarded by lights, barriers or other suitable means, so as to make the street reasonably safe for ordinary travel at the time of the injury, instead of simply requiring it to use reasonable care in that regard.

The judgment of the Appellate Court will be reversed and the cause remanded to the circuit court for another trial.

*Reversed and remanded.*