Earl A. Nagel and Helen R. Nagel, Plaintiffs-Appellees, v. Village of East Hazelcrest, Defendant-Appellant.

Gen. No. 45,684.

Opinion filed June 18, 1952. Rehearing denied July 15, 1952. Released for publication July 17, 1952.

ROMAN E. POSANSKI, of Chicago, for appellants; CHARLES D. SNEWIND, of Chicago, of counsel.

GUERINE & GUERINE, LESTER E. WILLIAMS, and LOUIS JAFFIE, all of Melrose Park, for appellees; GUY C. GUERINE, of Melrose Park, of counsel.

MR. PRESIDING JUSTICE KILEY delivered the opinion of the court.

This is a personal injury and property damage action. Verdicts were for Helen Nagel and Earl Nagel

for $30,000 and $15,000 respectively. Defendant has appealed from the judgment on the verdicts.

About 4:00 a. m. Monday, April 7, 1947, Earl Nagel, accompanied by his wife Helen, was driving west on 171st Street in the Village of East Hazelcrest, Cook county, Illinois. Between Loomis and Laflin Streets a 12″ tile drain or culvert, six feet beneath the surface of 171st Street carried water flowing westward in the ditch on the south side of the street to a system of drainage ditches north of 171st Street. Severe rains increasing the flow of the ditch water caused the deterioration of the culvert so that on Saturday morning, April 5 the culvert had collapsed and the black top pavement on 171st Street had fallen and made a hole across the street fourteen feet wide and about six feet deep. The Nagel automobile was driven into this hole at a speed of 20 or 25 miles per hour.

When the "washout" was observed on Saturday, April 5, persons living in the vicinity on 171st Street, including the village president and the village clerk, laid some electric light poles across the road east of the east edge of the hole and laid some wooden posts west of the west edge of the hole. Later in the day, the County Highway employees placed barricades on 171st Street at the west side of its intersection with Loomis Street on the east and at the east side of Laflin Street on the west. Smudge lights were placed at the barricades. There were no street lights at Loomis or Laflin Streets or between them.

Plaintiffs say they saw the lights and barricades at Loomis Street, slowed down to about fifteen miles per hour until they saw that the barricade covered only the north half of the road. They then drove west, picking up speed as they went, on the south side of the road which was wet and dark. They did not see the hole before their car fell into it.

341

An important question must be decided at the outset, namely whether plaintiffs made out a prima facie case that defendant was in control of 171st Street when and where the accident occurred. The precise question as it arises in this case does not appear to have been previously decided in the courts of this State.

Plaintiffs alleged that defendant was in control of 171st Street and defendant denied the allegation. Plaintiffs argue without authority that this was an affirmative defense which defendant had the burden of proving. We need not decide that question.

 We take the evidence favorable to plaintiffs, for the purpose of this question, as establishing that the accident occurred in the south half of 171st Street which is admittedly inside the village limits. We think persons injured on a street within a municipality look immediately to that municipality for redress. Reason indicates that a political body should have primary control over and responsibility for the streets within its boundaries. The legislature recognized this in the granting of municipal powers. Ill. Rev. Stat. 1951, chap. 24, pars. 23–8 et seq. [Jones Ill. Stats. Ann. 21.1639 et seq.]. We think that orderly and convenient administration of justice requires that a plaintiff's prima facie burden in a case like this be satisfied by proof of location of the accident within village limits. It seems to us unwise to place upon the injured person the onus of making formal proof (*Linneen v. City of Chicago*, 310 Ill. App. 274; *Tapscott v. City of Chicago*, 301 Ill. App. 322), that a municipality has not been divested of power over its streets. The formalities bringing about the divestment are records of action by public bodies and agencies, which are much more easily found and produced by the bodies and agencies themselves than by private citizens.

Plaintiff, by proving that the accident occurred within the village limits, established prima facie that the

defendant had control. Plaintiffs' prima facie proof of location of the accident within the village was not controverted and there was therefore no fact question for the jury.

In defendant's effort to prove that 171st Street was a state-aid road, it offered correspondence, resolutions, etc. of agencies and authorities. The trial judge withdrew from the jury the exhibits and testimony, and we infer from the instructions given that the judge decided that the defendant failed to make proof of the statutory requirements for divesting defendant of control of 171st Street. Ill. Rev. Stat. 1951, chap. 121, par. 297 [Jones Ill. Stats. Ann. 120.224]. In this court, defendant does not attempt to show by the record that its testimony sufficiently proved the formalities essential to the divestment. It argues only that there is no showing that the village ever had control. What we have said above about prima facie proof answers that argument.

Defendant argues that the evidence shows that the road was never under its control, but that from the beginning was controlled by the county. This evidence was withdrawn from the jury. No claim is made that it should not have been and the propriety of this action of the court is not before us. We conclude therefore on this point that the plaintiff proved control of 171st Street by the defendant.

 Defendant contends the evidence shows that the proximate cause of the accident was the removal by unknown parties of the barricades closing the street. In support of the contention it cites *City of Rock Island v. Gingles,* 217 Ill. 185. There, a judgment for plaintiff was reversed because of an erroneous instruction which placed an absolute duty to keep streets reasonably safe instead of limiting the duty to keep them reasonably safe for travel and submitting the question whether defendant had not fulfilled the duty by reason-

ably attempting to put up timely signals while the day was still light. That case is not helpful to defendant. Other cases cited by defendant support its contention but beg the question of fact which was for the jury here.

The principal factual issue is whether the barricade at Loomis extended across the entire road or only across the north side of the road. Defendant's witnesses, including the county highway employees, say the barricades blocked off the entire road leaving no room for an automobile to pass except on the north shoulder of the road. The testimony for plaintiff is that the barricade did not cover the south half of the road.

There was evidence from which the jury could infer that the barricades covered only the north half of 171st Street at Loomis. That fact differentiates this case from the ones cited where barricades were properly placed or propriety of placement assumed. Notice to the village through its officers is shown by the proof and there is competent evidence (*Linneen v. City of Chicago*, 310 Ill. App. 274) of previous similar accidents on Saturday or Sunday. We think the evidence that the south half of the street was open to westbound traffic with no warning signals except those covering the north half of the street raised a question for the jury whether defendant was negligent. Under our previous conclusions on the question of control of 171st Street, defendant was not excused from liability because the county put up the signals.

Defendant contends that the plaintiffs were guilty of contributory negligence as a matter of law. At the trial it submitted special interrogatories on the question to the jury, which answered in plaintiff's favor. There is evidence that when plaintiffs came to Loomis Street and saw the barricade and light on the north half of 171st Street they slowed down and ob-

344

serving no reason why they should not continue they proceeded west on the unbarricaded south side of the street. This is the favorable evidence which was sufficient in our opinion to take this question to the jury.

Defendant complains of plaintiffs' instruction 19 because it is peremptory and omits the element of notice to defendant of "the removal" of the barricades. This was not a necessary element of the case on plaintiffs' theory which excluded the notion of removal. The instruction begins "The plaintiffs may recover" and ends "If plaintiffs fail to prove . . . they cannot recover." This is not a peremptory instruction for plaintiff in the usual sense because in plaintiffs' favor it says they "may recover" while in defendant's favor it says that if plaintiffs fail, etc. "they cannot recover." The instruction does not state the negligence which was charged but this deficiency is substantially supplied in instruction 18 by the duty to erect proper barricades.

Defendant, however, complains that the duty stated in number 18 is not that charged. The complaint alleges that defendant violated its duty by failing to maintain the street and allowing a dangerous condition to exist for a long period of time so as to constitute a hazard to travelers and that knowing of the condition failed to erect proper barricades, etc. Instruction 18 follows the allegation. The instruction is not vulnerable to the attack that it omits the element of notice for that element is stated.

For the reasons given judgment is affirmed.

*Judgment affirmed.*

Lewe and Feinberg, JJ., concur.